May it please the court, Pamela Larry Tower on behalf of Ashford Kaipo Spencer. I'd like to reserve two minutes for rebuttal. Initially I'd like to withdraw or ask the court to disregard an improvidently submitted by me significant authority that really isn't significant. I had just been appointed to the case. It's the case of United States v. Duran out of the Tenth Circuit and it became evident to me and I will concede that the crime of criminal property damage in the first degree is an intentional crime. There is a recklessness to it but it's an attendant circumstance I believe as we call it in Hawaii. Let me ask you a question. I'm looking at the statute 708-820 and we're talking about Part A, correct? 1A. And when I'm reading it, it's got sort of compound pieces to it. But it seems to me that it requires proof that another person has actually been placed in danger of death or bodily injury because the defendant has intentionally damaged property and thereby recklessly placed another person in danger of death or bodily injury. So it seems to me that in every case there will be proof that another person has actually been placed in danger. And I wonder why that doesn't fit as a as categorically a crime of violence. I have the same question. I think one of the issues that can be credibly addressed by Your Honor's concern is that the way the statute is written, it's an intentional act to damage property. Correct. There's no doubt about it. But then what happens because the property is damaged is that a person is placed in danger of death or bodily injury. Correct. But I don't think that's necessarily always the case. How is that possible that it's not always the case because it's part of the elements of the crime? I think I should clarify. First of all, I did not draft or write the brief. I'm successor counsel after briefing was fully completed. But I think a credible argument can be made that the way the statute is written, it doesn't necessarily have to be an attendant circumstance. It would that the intentional act of criminal property damage does not necessarily have to result in serious bodily injury. It's charged that way. It doesn't, but it has to place the person in danger of death or bodily injury. And the risk of severe injury or death makes something a crime of violence, doesn't it? I would argue that when we get into the risk analysis, and I've done the review of the many cases, not all of them because there are just simply too many in this area right now. But the risk analysis is simply that. It's a risk. So the Supreme Court even goes into how much of a risk is a risk. Or maybe it's the Ninth Circuit. But the fact is that it's nebulous. It's speculative when you're only doing the categorical approach. The Supreme Court in Duenas-Alvarez or something like that, that says that you look at how the statute is applied in a practical sense, not just that you can theorize that there might be one in a thousand that wouldn't fit that category. And there are a number of Hawaii cases on this under this statute. And it seems to me to be applied in practice for very severe situations that there's very, very serious injury that's being risked in real life when this statute is being applied. And I guess I just have a hard time seeing why this wouldn't be categorically a crime of violence. Well, first of all, the Court has looked at opinions that have analyzed, Hawaii opinions I guess, the opinions that have analyzed the application of criminal property damage in the first degree. I'm not sure that that's a correct way to go about this. I believe we're restricted to the face of the statute. I did the same thing. It's natural, but we're restricted to the face of the statute in the categorical approach. True, but when we're making that analysis, I think the Supreme Court says, we're looking at the face of the statute, but we're looking at it in a common sense fashion and not trying to spin out a weird hypothetical that may never happen in real life, that we're looking at it categorically and on its face, but with some common sense. And I guess that's where it comes in. I understand the Court's concerns. And my response to that, I've briefed this issue in another case and dismissed the appeal because my client would not have received any further sentencing. You know, he got a great sentence. But the fact is, and my research in this area has shown that across the nation, what's happening, what seems to be happening, I'm not saying this in an accusatory manner, but simply the way it's being applied, is that district court judges that are sitting within various jurisdictions that have various variants of criminal property damage or DUI or fleeing a police officer that's just myriad, are applying, they're turning to applying state law. It's a natural inclination. I believe it's an incorrect and an unconstitutional thing. Well, you have to apply it in the sense of the law actually differs from state to state. What the elements are of criminal property damage in Hawaii might be very different from what the actual elements are in Nebraska or Massachusetts or Alabama. And so the answer might be different that criminal property damage is a crime of violence categorically in one place and not another because the elements are different. I think that that's where we run into problems. And what I would do is basically rest also on the arguments, the two other arguments that prior counsel did make, which are valid arguments in light of what is happening right now. I believe there's a ninth. I actually just read the transcript of the oral argument before the Supreme Court of the Ninth Circuit unpublished opinion that's up there now on ACCA. And I think that the concern with the defense bar is that statutes such as this nationwide are ambiguous. They're ambiguous in application and that the rule of lenity should apply. Because if we're going all over the place, if I'm looking in ten different jurisdictions for an analog to criminal property damage in the first degree, perhaps Indiana has something like this. And look what Indiana did. They did something different than we're doing here. I find that problematic in terms of equal protection and due process. I also believe that the residual clause, I agree with prior counsel and with Justice Scalia that the residual clause is constitutionally vague as applied, particularly in this case. And I believe, subject to any questions, I would then reserve. You may do so. Aloha and good morning. My name is Chris Allen Kuomo'o Thomas, Assistant U.S. Attorney for the United States. This case, in response to the arguments made by this court this morning, I think that the argument in this case actually makes it much more specific. Because in the 2011 United States Supreme Court case in Sykes, the court in that case inferred potential risk of danger to another person. However, in this case, based on the elements of the offense for arson, it's an inherent element of the offense, which makes it clear, which makes it less probable that it can be misapplied. I should point out a second point, and that's in preparation for this argument, I looked back at the conviction for Mr. Spencer. He was convicted in 2001. In 2001, there was no arson statute in the state of Hawaii. Yeah, it now excludes arson. Yes, Your Honor. And in 2001, the state of Hawaii prosecuted arson offenses through criminal property damage in the first degree, with that potential risk of element offense. So essentially what the government is arguing is that it makes it a very logical approach, and it strengthens the government's argument that it's a potential risk of grave danger to another person. What was the date of his conviction? I've forgotten. The date of conviction in this case, Your Honor, I believe, hold on, please. Your Honor, the date of conviction was June 1, 2011. I'm sorry? June 1, 2011. Well, so why does it matter that it used to include arson and it doesn't now? Yeah, I just pointed it out to the court in the sense that arson was previously prosecuted as criminal property damage in the second degree for which he received the conviction. I'm just trying to decide which way that cuts, because arson is an arson. Well, no, I don't mean in Hawaii. I mean in the federal statute. The federal statute. It's one of the categorical. Yes, it's 18-11. So the old statute under which he was not convicted would clearly have been categorically a crime of violence, but I'm not sure whose side it's on to say, well, now they've removed arson and made it separate. I'm not sure whom that favors, if anybody. Well, the government argues that it still favors us, because even if you look under the arson statute, the way it's worded now, that's still favorable to the government, because if it's committed in the sense that a person is placed in danger, then it's a higher penalized act, very similar to how criminal property damage is. So, I'm sorry, the Hawaii arson statute, it has two parts? Yes, Your Honor. So you can be convicted of arson even if you haven't recklessly placed somebody in or threatened somebody's life or had some kind of risk of harm. Yes, Your Honor. But you get an increase if you did. Correct. But, counsel, that kind of brings me to my question, because no one's really addressed yet this morning this difference of approach between the Sykes case and the Begay case, and I'm sure you've read all of Justice Scalia's comments about those cases in his various concurring opinions. And it seems to me that we're to look at, what makes most sense to me is that we're to look at the degree of risk to the extent to which these cases are proposed. Hence, I think Judge Graber's comment about looking at how these statutes are typically applied. And when I looked at, to follow up on your point about the arson statute, when I looked at these various reported Hawaii cases, it seems to me that they're applied in this intentional destruction of property in the first degree as it has been applied in any number of different fact patterns. They seem pretty disparate to me. What do I do about that? Well, Your Honor, the way that the statutes are structured is that, as an example, the arson statute, it's actually in a footnote in my brief. It's in footnote number four. In that statute, this is in the second degree, and it says, recklessly places another person in danger of death or bodily injury. And then there's a second component, which is knowingly or recklessly damages the property of another in an amount exceeding $1,500. Now, for first degree, it would be actual harm to another and amount higher than a higher number, say $3,000. So in our case, it's clear because the person was convicted under the first part of the statute, in the criminal property damage statute. So the inherent element of that offense is that a person was placed in risk of grave damage or personal injury. Is it clear from the record that Mr. Spencer was convicted of violating 1A? Correct, Your Honor. Okay. If we were to agree with the government's argument today, does the Court need to address whether B, 1B, also satisfies as categorically? Well, Your Honor, that would get into the modified approach. And the government's response, the direct response to your question? The government's claim then is that B is not categorically a crime of violence? We don't even address that, Your Honor. Okay. So you don't think the panel needs to address the question as to whether 1B is also part of it? No, and the reason why, Your Honor, is because in this case, Mr. Spencer was charged specifically with 1A, and he was found guilty specifically of 1A. So we don't even talk about 1B. And we don't even talk about the facts of his conviction because all we're looking at is the elements of the offense. And based on those elements, it's clear that it's a crime of violence. If there are no other questions, the government has nothing further. You may rest. Thank you. Thank you. And you have some rebuttal time. Thank you. I would like to address the question posed by Judge Christensen about the Begay-Sykes dichotomy. I read all of the dissenting, concurring opinions by Justice Scalia, and his most recent complaint is that what I found compelling was in Begay was that there or was it James, where you have to find a purposeful, aggressive, violent sort of state of mind. That's where they were three opinions ago. You know, you needed to have this state of mind. Now, we have criminal property damage in the first degree or arson, whichever one, and these are intentional crimes, and there's a state of mind that goes with that that should parallel that type of conduct. But when you're damaging property, your state of mind is not, it's purposeful, but it's not aggressive and violent towards property. Well, that's why it's so difficult because you're talking about the Begay case. Correct. Because that's an intentional act to drive while intoxicated. Correct. But the question is whether there's purposeful, aggressive, violent conduct because we're looking at a predictor of future violence, the likelihood of future criminality. And then, of course, Sykes, where they talk about this person evading a police officer. Exactly. And a person, I think the distinction they draw, if I can speak, you know, in obviously summarizing terms, they're talking about how much more dangerous a person is who's willing to disregard a police officer's direct and repeated direction to stop, and how dangerous it is for a person to be, you know, essentially involved in a high-speed chase, or even just a continuing chase. And so that's what I'm trying to get at. The intentional conduct isn't enough. I think they've made that clear. And then we're looking at this other element. But the Begay case talks about a factor that this violent, aggressive conduct, and that's really an outlier. Sykes makes pretty clear that the Begay analysis is sort of a one-off. And so then we're left with almost two different tracks that they've used. Our circuit has used both. And so I don't know what to do with that when I look at this Hawaii statute that seems to me to be applied in a really disparate manner. It is applied in a disparate manner. And if you look at the purpose of, I mean, using ACCA or the guidelines, either one for the purpose, is a predictor of future violence, I don't find or I don't believe that given the disparate application of this statute by the State of Hawaii, that criminal property damage in the first degree as it is written, 1A, is such a predictor. And I think that helps to remove it out of that category, out of a categorical analysis. And I think it's more likely that this statute should have been analyzed under the modified categorical approach, but it was not. And if that was to happen, it needs to go back to the district court for that application. Some of the people convicted under this statute essentially committed arson. That's what they're doing. They're throwing a lighted match and gasoline inside of an automobile that's occupied by another human being. There's no question that that's going to – it's arson. But other folks are attacking a car with a stick, beating on the outside of a car with a stick or a pole, and there's somebody inside. It looks like in one instance a window was broken. I'm just not sure that they're at all comparable, and that's my problem. That's my problem. Thank you. Thank you, counsel. The case just argued is submitted. We appreciate the arguments of both counsel. It's been very helpful.
judges: Graber, Bybee, Christen